J-S10009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES DAVID BIBBUS :
:
Appellant : No. 1410 MDA 2024

Appeal from the Judgment of Sentence Entered August 20, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003092-2022

BEFORE: BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.: **FILED: APRIL 17, 2025**

James David Bibbus appeals from the judgment of sentence of eighteen months to five years of incarceration imposed upon his convictions for possession with intent to deliver a controlled substance ("PWID"), possession of a controlled substance, and possession of drug paraphernalia. We affirm.

The Berks County Detectives' Narcotics Unit Task Force learned from a well-known informant that Appellant was selling methamphetamine. After conducting several controlled buys from Appellant through the informant, detectives obtained a warrant authorizing the search of Appellant's residence, person, and girlfriend's vehicle from which Appellant had conducted the sales. On August 26, 2022, they executed the warrant and took Appellant into custody, after which he was advised of, and waived, his rights pursuant to **Miranda v. Arizona**, 384 U.S. 436 (1966). He informed the officers that he

had methamphetamine in his vehicle. The search of the car produced the following items:

> a brown zippered bag which contained two yellow transparent bags inside with [3.94 grams of] white crystal substance (tested positive for methamphetamine) and hypodermic needle; two single $1 bills; a blue rubber container; another yellow bag with marijuana; a purple bag with marijuana; and a metal tar container containing cotton swabs and alcohol wipes. A search of [Appellant]'s person included $9 in loose currency and $970 in US currency in a brown leather wallet.

Trial Court Opinion, 11/21/24, at 2. When questioned about the drugs, Appellant "indicated that he was buying a couple of balls of methamphetamine at the time" for $60 each, then would sell the ball for $120.[1] **See** N.T. Trial, 7/15/24, at 19.

Based upon the items seized pursuant to the warrant, Appellant was charged with the offenses enumerated *supra* and waived his right to a jury trial. At the subsequent bench trial, the Commonwealth offered photographs of the physical evidence along with the testimony of Detective Marc Oxenford, who attested to the above facts, and Detective Darren Smith, whom Appellant stipulated was "a drug expert." **Id**. at 29. Detective Smith acknowledged that the paraphernalia at the scene indicated that Appellant was a user of the drugs, but he asserted that Appellant also "was selling to support his habit as

---

[1] One ball is equal to three and one-half grams. **See** N.T. Trial, 7/15/24, at 19.

he indicated to [the police] that's what he was doing." *Id*. at 30-31. Specifically, the detective opined:

> Based upon the totality of the circumstances combined with the amount of meth, the amount of money that [Appellant] had, he had $979, and [Appellant]'s statement about the purchase of meth for $60, he would sell it for [$]120 to double his money, my opinion is that the meth was not only for personal use but also for the intent to deliver.
>
>     . . . .
>
> [A] lot of times if somebody is just a mere user, I mean, you find a few dollars at a residence.  You never find much money at all. $979 for a heavy user is a considerable amount of money.  Also, four grams of meth is a decent amount of meth for a user to hold on to, and usually you'll find that in combination with somebody that's selling.

*Id*. at 30.  Detective Smith further confirmed that Appellant's representations of the purchase and sale values for a ball of methamphetamine were consistent with the prevailing rates and customs in Berks County. *Id*. at 31.

Upon this evidence, the court found Appellant guilty of all charges and later sentenced him as indicated above.  This timely appeal followed the trial court's denial of Appellant's post-sentence motion.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.  Appellant presents one question for our consideration:  "Whether the evidence produced at [t]rial was sufficient to support Appellant's conviction for [PWID]."  Appellant's brief at 2.

We begin with our standard of review:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond

- 3 -

a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for a fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence received must be considered. Finally, the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Haahs*, 289 A.3d 100, 104 n.2 (Pa.Super. 2022) (cleaned up).

In order to establish PWID, "the Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance." *Commonwealth v. Roberts*, 133 A.3d 759, 767 (Pa.Super. 2016) (cleaned up). We have explained thusly regarding the intent element of the offense:

The intent to deliver may be inferred from possession of a large quantity of controlled substances. It follows that possession of a small amount of a controlled substance supports the conclusion that there is an absence of intent to deliver. If the quantity of the controlled substance is not dispositive as to the intent, the court may look to other factors.

Other factors to consider when determining whether a defendant intended to deliver a controlled substance include the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and the sums of cash found in possession of the defendant. The final factor to be considered is expert testimony. Expert opinion testimony is admissible concerning whether the facts surrounding the

possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use.

*Id*. at 768 (cleaned up).

Here, Appellant does not dispute that the Commonwealth proved his possession of methamphetamine. Rather, he argues that it did not establish that he did so with the intent to distribute it as opposed to having it for his personal use. *See* Appellant's brief at 5. Specifically, Appellant points to the presence of use paraphernalia, such as the needles and alcohol wipes, and the absence of distribution paraphernalia like a scale and baggies. *Id*. at 6. He also baldly asserts that the amount of drugs recovered "were personal use amounts," rather than "the kind of quantity that would allow one to conclude that these substances were for sale." *Id*. Finally, Appellant notes that he was not charged with any crimes related to the controlled buys that preceded the execution of the warrant and contends, without providing any legal basis, that it was improper for the trial court to have considered Detective Oxenford's testimony about them in adjudicating Appellant's guilt. *Id*. at 6-7.

We discern no merit in Appellant's arguments. Initially, we observe that, while Appellant objected at trial to the hearsay statements of the informant related to Appellant's cellphone, he did not object to Detective Oxenford's testimony concerning his personal knowledge of the controlled buys. *See* N.T. Trial, 7/15/24, at 10, 19. Nor does he offer any argument as to why evidence of the controlled buys was inadmissible. Moreover, even if such evidence had been erroneously admitted over Appellant's timely

objection, that error would not implicate the sufficiency of the evidence to sustain his conviction since, when conducting a sufficiency analysis, "we consider all of the evidence actually admitted at trial and do not review a diminished record." ***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa.Super. 2011).

In any event, the trial court did not cite the controlled buys as a basis for its conclusion that the Commonwealth proved beyond a reasonable doubt that Appellant was a drug dealer in addition to a drug user. Instead, the court highlighted the large amount of cash, the quantity of methamphetamine, and Appellant's admission that he sold it at a profit. ***See*** Trial Court Opinion, 11/21/24, at 5. Our review of the record, particularly the expert testimony of Detective Smith included herein, supports that finding. Appellant's desire that we weigh the evidence differently and conclude that he was a mere user is unavailing. ***See Haahs***, 289 A.3d at 104 n.2 ("[W]e may not weigh the evidence and substitute our judgment for a fact-finder.").

Since we find none of Appellant's attacks upon the sufficiency of the evidence to sustain his PWID conviction meritorious, we affirm his judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/17/2025